IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>TYRONE O. BRYANT | : | CRIMINAL<br>NO. 96-cr-545-1 |
| UNITED STATES OF AMERICA<br>v.<br>TYRONE O. BRYANT | | CIVIL ACTION<br>NO. 07-cv- 5282 |

## MEMORANDUM AND ORDER

On October 29, 2007, defendant filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the federal custody imposed upon him in 96-cr-545-1. For the following reasons, this motion will be **DENIED and DISMISSED WITH PREJUDICE**.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the contest of prisoners in federal custody who make arguments regarding the United States Constitution, such relief is available pursuant to 28 U.S.C. §2255. If such a writ of habeas corpus pursuant to 28 U.S.C. §2255 is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain Constitutionally protected rights have been violated; habeas corpus motions pursuant to AEDPA are the *only* possible means of obtaining this type of relief. Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

By means of AEDPA, Congress *intentionally* created a series of *restrictive gate-keeping conditions* which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2255. One such intentionally restrictive gate-keeping condition is 28 U.S.C. §2255's *strict and short*

1

***statute of limitations***.  Another one of these intentionally restrictive gate-keeping conditions is 28 U.S.C. §2255's so-called ***"second or successive rule"*** which generally forbids a litigant from filing a §2255 habeas if that litigant had at least one prior §2255 habeas if that previous §2255 petition was "dismissed after adjudication of the merits of the claims presented,"[1] which means:

    I.    a dismissal after a consideration on the merits;[2] or,

    II.    a dismissal on the grounds of the statute of limitations.[3]

The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004). In the instant situation, there is a previous 28 U.S.C. §2255 petition filed by petitioner (namely 99-cv-3037), which attacked the same conviction and/or sentence attacked in the motion of October 29, 2007, and which was dismissed as frivolous, which acts as an adjudication of the merits of the claims presented.

On October 29, 2007, petitioner filed the aforesaid petition in this court seeking his release from federal custodial status based on the claim that the government allegedly filed a defective notice against him pursuant to 21 USC §851(a), thereby not only allegedly making his enhanced sentence unconstitutional, but depriving this court of subject matter jurisdiction over the charges filed against him in 96-cr-545-1. These are clearly claims that his rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution have been violated by the federal court that convicted and sentenced him, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b). For the following reasons, the this

---

[1] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[2] Jiminian v. Nash, 245 F.3d 144 (2nd Cir. 2001); In re Moore, 196 F.3d 252 (DC Cir. 1999).

[3] Villanueva. V. USA, 346 F.3d 55 (2nd Cir. 2003).

attempt to invoke Rule 60(b) to obtain release from custody with an argument based upon the United States Constitution must fail, as any attempt to challenge the merits of a previous or underlying decision with claims based on the United States Constitution, federal law or treaties entered into by the United States, may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and **only** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on the United States Constitution, federal law or treaties entered into by the United States, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)." Gonzalez v. Crosby, 545 U.S. 524 (2005). Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, federal law or treaties entered into by the United States, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005). See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule

60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. Gonzalez v. Crosby, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous non-merits decision was procured without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to not be in compliance with the statute of limitations). Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In this court's view, the instant case is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen. Accordingly, this  14th  day of December, 2007, it is hereby **ORDERED** as follows.

1.  The Clerk of this Court shall make a true and accurate photocopy of Document #107 in 96-cr-545-1.

2.  The Clerk of this Court shall open a new civil action pursuant to 28 USC §1331, with a new civil action number, and this civil action shall remain on the calendar of

the undersigned judicial officer.

3.  The Clerk of this Court shall treat Document #107 in 96-cr-545-1 as also being Document #1 in this aforesaid new civil action, and the Clerk shall notate on both dockets that it was filed in both cases on October 29, 2007.

4.  The original copy of Document #107 in 96-cr-545-1 will be placed in the casefile for 96-cr-545-1. The photocopy, labeled as Document #1 in the aforesaid new civil action, shall be placed in the casefile for the aforesaid new civil action.

5.  **_This_** Memorandum and Order (the instant document) shall be filed in both the criminal matter and in the civil matter, and the Clerk of this Court shall write this new civil action number, in ink, on the caption of this Memorandum and Order.

6.  Bryant's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED WITH PREJUDICE**.

7.  The Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.

_____
JAMES T. GILES, U.S. District Judge